UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HELEN SWARTZ, Individually, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No.:  1:23-cv-5762 |
| vs. | : | |
| | : | |
| PALMETTO HOSPITALITY OF | : | |
| MANHATTAN III, LLC, a New York | : | |
| Limited Liability Corporation, | : | |
| | : | |
| Defendant. | : | |

/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, PALMETTO HOSPITALITY OF MANHATTAN III, LLC, a New York limited liability corporation, for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and for damages pursuant to N.Y. Exec. Law Section 296, et seq. and New York Civil Rights Law § 40, et seq.

## COUNT I

1.      The AC Hotel New York Times Square (hereinafter the hotel, property, or subject property) is located at 260 West 40th Street, New York, NY, in the County

of New York.

2.      Defendant Palmetto Hospitality of Manhattan III, LLC, owns and/or operates the subject property.

3.      Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

5.      Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Ms. Swartz has multiple sclerosis and is mobility impaired, and uses an electric scooter to ambulate.

6.      Helen Swartz was born and raised in New York City and visits the New York area on an average of five times a year to see shows, eat at facilities, visit family and friends, get her hair cut, and to shop at stores.  Her younger daughter lives and works in Greenwich Village, her father lives in Great Neck, her brother lives on the upper West Side and her first cousins reside in New York City.  When Ms. Swartz is in New York City her eldest daughter and granddaughter often take

the train from Philadelphia to New York to meet her. Ms. Swartz dines out with friends and family every time she is in New York.

7.     Helen Swartz was a guest of the subject hotel from June 2, 2023 through June 3, 2023, and plans to return to the property on December 5, 2023, if the property is made accessible by then. On this upcoming trip, she expects to visit with her daughter who lives on the lower East Side, and to see her cousins who come into the city from Queens.

8.     The Plaintiff also wishes to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected. The Plaintiff has encountered architectural barriers at the subject property which have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities' facilities and use the restrooms.

9.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.   Defendant is responsible for complying with the obligations of the ADA.   The place of public accommodation that the Defendant owns, operates, leases or leases to is known as AC Hotels By Marriot, which is located at 260 West 40th Street, New York, NY.

10.     Helen Swartz has a realistic, credible, existing and continuing threat of

discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations set forth in this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants.

11.     Helen Swartz has visited the subject property and desires to visit the subject property in the near future, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12.     The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the subject property has shown that violations exist. These violations that Ms. Swartz has personally observed or encountered, and which were confirmed by Plaintiff's ADA expert, include but are not limited to the following paragraphs:

4

14.    The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations.

15.    This is in violation of section 224 of the 2010 Standards for Accessible Design. 28 CFR §36.304.

16.    The accessible features of the facility are not maintained.

17.    This creates barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

18.    The main entrance does not provide the required directional signage to an accessible entrance.

19.    This makes it difficult for the Plaintiff to enter the facility, in violation of section 216.6 of the 2010 ADA Standards, whose resolution is readily achievable.

20.    The operable mechanism of the credit card reader at the front desk is more than 48 inches high.

21.    This makes it difficult for the plaintiff to reach, in violation of sections 308.2, 308.3, and 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

22.    There is no clear floor space of 30 inches by 48 inches on both sides of the bed in accessible guest room 307.

23.     This makes it difficult for the plaintiff to get on and off of the bed, in violation of sections 806.2.3 and 305 of the ADA Standards, whose resolution is readily achievable.

24.     The table and chairs in accessible guest room 307 at the Hotel are obstructing the minimum clear width of 32 inches for a length of 24 inches maximum to approach the window and window curtains operable mechanisms.

25.     Same makes it difficult for the plaintiff to utilize, in violation of section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

26.     The table and chair in accessible guest room 307 at the Hotel are obstructing the minimum clear width of 32 inches for a length of 24 inches maximum to approach the nightstand, television remote, telephone, switches and electric and USB outlets.

27.     Same makes it difficult for the plaintiff to access, in violation of section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

28.     The operable mechanism of the guest room safe in accessible guest room 307 at the hotel is more than 48 inches high.

29.     This makes it difficult for the plaintiff to access, in violation of sections 308.2, 308.3, and 604.7 of the 2010 ADA Standards, whose resolution is

6

readily achievable.

30.    The sink in the bathroom of accessible guest room 307 was mounted in excess of 34 inches high.

31.    This makes it difficult for the plaintiff to access, in violation of section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

32.    The sink in the bathroom of accessible guest room 307 does not provide a clear floor space of 30 inches by 48 inches.

33.    This makes it difficult for the plaintiff to access, in violation of section 602.2 and 305 of the 2010 ADA Standards, whose resolution is readily achievable.

34.    The outlets by the sink in the bathroom of accessible guest room 307 are in excess of 44 inches high, and the clear floor space to access same is obstructed.

35.    This makes it difficult for the plaintiff to reach, and is a violation of section 308.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

36.    The hairdryer in the bathroom of accessible guest room 307 is mounted in excess of 44 inches high, and the clear floor space to access same is obstructed.

37.    This makes it difficult for the plaintiff to reach, and is a violation of section 308.2.2 of the 2010 ADA Standards, whose resolution is readily

achievable.

38.     The side water closet grab bar in the bathroom of accessible guest room 307 is more than 12 inches from the back wall.

39.     This makes it difficult for the plaintiff to transfer onto and off of the water closet, in violation of section 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

40.     The coat hook in the bathroom of accessible guest room 307 is more than 44 inches high for an obstructed reach.

41.     This makes it difficult for the plaintiff to reach in violation of section 308.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

42.     The handheld shower spray unit in the bathroom of accessible guest room 307 is more than 48 inches high.

43.     This makes it difficult for the plaintiff to reach in violation of section 608.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

44.     The folding shower compartment seat in the bathroom of accessible guest room 307 is improperly configured for an L-shaped seat as it does not extend to within 3 inches of the compartment entry.

45.     This makes it difficult for the plaintiff to access in violation of section 610.3 and 610.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

46.    The handheld shower spray unit in the bathroom of accessible guest room 307 does not have a non-positive shut-off.

47.    This makes it difficult for the plaintiff to use in violation of section 608.6 of the 2010 ADA Standards, whose resolution is readily achievable.

48.    The hotel gym's public accessible women's restroom has a mirror for which the bottom edge of the reflecting surface is more than 40 inches high.

49.    This makes it difficult for the plaintiff to use in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

50.    The paper towel dispenser in the hotel gym's women's public accessible restroom is mounted above a counter which is more than 24 inches deep.

51.    This makes it difficult for the plaintiff to reach in violation of section 308.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

52.    The soap dispenser in the hotel gym's public women's accessible restroom is mounted above a counter which is more than 24 inches deep.

53.    The centerline of the toilet paper dispensers in the women's accessible restroom at the hotel gym are not located between 7 and 9 inches in front of the water closet.

54.    This makes it difficult for the plaintiff to reach in violation of section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

55.    The telephone in the hotel gym is blocked by exercise equipment

which is more than 34 inches high and 24 inches deep.

56.    This makes it difficult for the plaintiff to reach (particularly in the event of an emergency) in violation of section 308.2, 308.3 and 309 of the 2010 ADA Standards, whose resolution is readily achievable.

57.    Some of the elevator controls and the keycard reader are located in excess of 48 inches high.

58.    This makes it difficult for the plaintiff to reach and prevented the plaintiff from independently accessing the rooftop lounge in violation of section 308.2, 308.3 and 309 of the 2010 ADA Standards, whose resolution is readily achievable.

59.    Many of the items in the hotel store are located in excess of 48 inches high.

60.    This makes it difficult for the plaintiff to reach in violation of section 308.2 and 308.3 of the 2010 ADA Standards, whose resolution is readily achievable.

61.    The Castell Rooftop Lounge does not contain any accessible seating.

62.    This prevents the plaintiff from being able to enjoy the bar area and is a violation of section 226 and 902 of the 2010 ADA Standards, whose resolution is readily achievable.

63.    The hotel restaurant Boqueria does not contain any accessible seating,

whether at the bar or at the tables, whether inside or outside.

64.     This prevents the plaintiff from being able to dine there, and is a violation of section 226 and 902 of the 2010 ADA Standards, whose resolution is readily achievable.

65.     The accessible restroom at the Castell Rooftop Lounge does not provide the required 60 inches of clear floor space from the side wall.

66.     This makes it difficult for the plaintiff to transfer onto and off of the toilet in violation of section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

67.     The grab bars in the accessible restroom at the Castell Rooftop Lounge are mounted in excess of 36 inches high.

68.     This makes it difficult for the plaintiff to transfer onto and off of the toilet in violation of section 609 of the 2010 ADA Standards, whose resolution is readily achievable.

69.     The centerline of the toilet paper dispensers in the accessible restroom at the Castell Rooftop Lounge are in not located between 7 and 9 inches in front of the water closet.

70.     This makes it difficult for the plaintiff to reach in violation of section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

71.     The pipes beneath the sink in the accessible restroom at the Castell

Rooftop Lounge are exposed.

72.     This creates a hazard for plaintiff in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

73.     The coat hook in the accessible restroom at the Castell Rooftop Lounge are in excess of 48 inches high.

74.     This makes it difficult for the plaintiff to reach in violation of section 308.2.1 and 308.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

75.     The door to the accessible restroom at the Castell Rooftop Lounge does not provide 12 inches of latch side clearance on the interior of the restroom.

76.     This makes it difficult for the plaintiff to exit the restroom in violation of section 402 of the 2010 ADA Standards, whose resolution is readily achievable.

77.     The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

78.     The discriminatory violations described in paragraph 8 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have

been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

79.    Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals

because of the absence of auxiliary aids and services.

80.    Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney=s fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

81.    Defendants are required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

82.    Notice to Defendants are not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant

has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

83.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter OYO Times Square to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures its violations of the ADA.   The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing

to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendants to maintain its accessible features.

      c.     An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

84.   Plaintiff realleges all prior allegations as if fully set forth herein.

85.   New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or ***disability*** or marital status of any person, directly or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

86.     For the purposes of the foregoing paragraph, "discriminatory practice" includes:

A.     A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

B.     A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

C.     A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

87.     Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

88.     Due to Defendants' discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish and other injuries.

89.     A place of public accommodation "shall be deemed to include ... hotels," N.Y. Civ. Rights Law §40.

Case 1:23-cv-05762   Document 1   Filed 07/06/23   Page 18 of 19

90.    New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

91.    Defendant's property is a place of public accommodation as defined in §40.

92.    N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, Corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions…shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved…thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendants shall reside… also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

93.    Plaintiff, Ms. Swartz visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

94.    By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above,

Defendant, has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, Swartz, because of her disability, the full enjoyment of its property.

95.    Plaintiff, Helen Swartz, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award Helen Swartz statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Dated:  July 6, 2023                    Respectfully submitted,

                                        */s/  Lawrence A. Fuller*
                                        Lawrence A. Fuller, Esq.  (LF 5450)
                                        FULLER, FULLER & ASSOCIATES, P.A.
                                        6000 Island Blvd.
                                        Suite 1107
                                        Aventura, FL 33180
                                        Phone: (305) 793-3760
                                        lawrencefullerfuller@gmail.com

                                        Brandon A. Rotbart, Esq. (PHV and NYSD Bar Pending)
                                        LAW OFFICE OF BRANDON A. ROTBART, P.A.
                                        11098 Biscayne Blvd., Suite 401-18
                                        Miami, FL 33161
                                        Phone: (305) 350-7400
                                        rotbart@rotbartlaw.com

                                        *Counsel for Plaintiff Helen Swartz*